IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEPHEN DOVE, in his capacity as
Father and Natural Guardian of JOHN
DOE, a minor,

     Plaintiff,

v.

JENNIFER GOOCH, in her individual
capacity; CHRISSY JOINER, in her
individual capacity; and JEFFERSON
CITY SCHOOL DISTRICT,

     Defendants.

Civil Action
File No.:

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW PLAINTIFF STEPHEN DOVE, in his capacity as Father and

natural guardian of JOHN DOE, a minor, brings this Complaint for damages and

injunctive relief against Jennifer Gooch, Chrissy Joiner, and the Jefferson City

School District ("Defendants"), and states as follows:

## NATURE OF THE ACTION

1. This is a civil rights action arising under 42 U.S.C. § 1983, the Fourteenth

   Amendment to the U.S. Constitution, Section 504 of the Rehabilitation Act,

   Title II of the Americans with Disabilities Act (ADA), and Georgia state law.

2. Plaintiff seeks redress for the unlawful physical abuse, failure to accommodate, and deliberate indifference to a disabled kindergartener, John Doe, by his teacher Jennifer Gooch, the failure to properly investigate and respond by Principal Chrissy Joiner, and the school district's systemic failures and the conspiracy of all Defendants.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1343 (civil rights), and 28 U.S.C. § 1367 (supplemental jurisdiction over state law claims).

4. Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391 because all events occurred within this District.

## PARTIES

5. Plaintiff's son, John Doe, is a minor child residing in Jackson County, Georgia.

6. Defendant Jennifer Gooch is a kindergarten teacher employed by Jefferson City School District and was acting under color of law at all relevant times. She is sued in her individual capacity. Gooch is an individual citizen of the state of Georgia.

7.  Defendant Chrissy Joiner is the principal of Jefferson Elementary School and was responsible for overseeing teachers and responding to complaints of abuse and discrimination. She is sued in her individual capacity. Joiner is an individual citizen of the state of Georgia.

8.  Defendant Jefferson City School District is a public school district organized under Georgia law and responsible for the policies, practices, and conduct of its employees.

## FACTUAL ALLEGATIONS

9.  John Doe is a 5-year-old child diagnosed with ADHD and sensory processing sensitivities. He was enrolled in kindergarten at Jefferson Elementary School for the 2024 school year.

10. On or about September 30, 2024, while in math class, John Doe was physically assaulted by his teacher, Defendant Gooch. Gooch lifted him from behind, dropped him forcefully onto the floor, and pushed his shoulders down, causing his forehead and chin to strike the ground and causing back pain.

11. Gooch intentionally used an amount of force against John Doe that was obviously excessive under the circumstances.

12. The force used was obviously excessive and unnecessary, especially against a vulnerable, neurodivergent child.

13. The force used by Gooch presented a reasonably foreseeable risk of serious bodily injury to John Doe.

14. There was no need for Gooch to administer corporal punishment, and her actions were not in any way designed to administer any type of necessary corporal punishment.

15. The amount of force used by Gooch bore no relationship to a need for punishment at all.

16. The extent of injury to John Doe as a result of Gooch's obviously excessive force was severe, especially considering John Doe's disability.

17. The amount of force used by Gooch was objectively and subjectively unreasonable.

18. Gooch clearly acted with willfulness and actual malice when she used obviously excessive force against John Doe for no valid reason at all.

19. Following the incident, John Doe experienced severe symptoms including, but not limited to, bedwetting, vomiting, emotional distress, regression in

developmental behaviors, social withdrawal, emotional detachment and separation anxiety.

20. John Doe's parents were not informed of the incident by the school.

21. After learning of the incident, Priscilla Dove promptly reported it to school officials, including Defendant Joiner, who conducted a minimal and ineffective investigation and failed to take any action against Gooch.

22. When John Doe's mother inquired and later reported the abuse, Joiner trivialized the account, dismissing it as fabricated and suggesting children "lie to get out of things." She also refused to provide reasonable accommodations such as distance learning and instead mocked the request.

23. Subsequent attempts to report and investigate the incident were met with institutional resistance.

24. The school district delayed responding, failed to preserve evidence, and omitted key dates and witness interviews in their reports.

25. The school failed to offer alternative accommodations for John Doe, including class changes or remote learning, forcing his withdrawal from public school.

26. Defendants' actions and inactions resulted in significant harm to John Doe, including emotional trauma, regression in learning and behavior, and loss of educational opportunities.

27. John Doe was withdrawn from the school on October 21, 2024, as a result of the continued endangerment.

## CLAIMS FOR RELIEF

### COUNT I – Violation of 42 U.S.C. § 1983
(Fourteenth Amendment Substantive Due Process)
(Against Jennifer Gooch and Chrissy Joiner in their individual capacities)

28. Plaintiff incorporates the factual allegations of paragraphs 9 through 27 above as if set forth fully herein.

29. Under the Fourteenth Amendment, John Doe had a right to bodily integrity.

30. Gooch's conduct in physically assaulting John Doe constitutes conduct that shocks the conscience. Gooch intentionally used an amount of force that was obviously excessive under the circumstances, and the force used presented a reasonably foreseeable risk of serious bodily injury.

31. Defendant Gooch's use of excessive corporal punishment rises to the level of arbitrary, egregious, and conscience-shocking behavior that is unjustifiable by any government interest.

32. Joiner further exhibited deliberate indifference by ignoring John Doe's complaint, failing to investigate adequately, and allowing the teacher to continue in the classroom. As Gooch's supervisor, Joiner's complete lack of proper customs and policies resulted in a deliberate indifference to the constitutional rights of John Doe.

33. There was no need for use of force on John Doe.

34. Defendants acted under color of state law.

35. As a direct and proximate result, John Doe suffered damages including physical and emotional injury.

**COUNT II – Violation of Section 504 of the Rehabilitation Act**
(Against Jefferson City School District)

36. Plaintiff incorporates the factual allegations of paragraphs 9 through 27 above as if set forth fully herein.

37. John Doe is a qualified individual with a disability.

38. Jefferson City School District receives federal financial assistance.

39. The District failed to provide reasonable accommodations for John Doe's disability following the abuse outlined herein.

40. The District treated John Doe differently from other students based on his disability.

41. As a result, John Doe was excluded from participating in and denied the benefits of public education on the basis of disability.

**COUNT III – Violation of Title II of the Americans with Disabilities Act**
(Against Jefferson City School District)

42. Plaintiff incorporates the factual allegations of paragraphs 9 through 27 above as if set forth fully herein.

43. John Doe is a qualified individual with a disability under the ADA.

44. The District is a public entity subject to Title II of the ADA.

45. The District discriminated against John Doe by failing to accommodate his disability, denying access to equal educational services and protections.

46. The discrimination was intentional or carried out with deliberate indifference to John Doe's rights.

**COUNT IV – Assault and Battery**
(Against Jennifer Gooch)

47. Plaintiff incorporates the factual allegations of paragraphs 9 through 27 above as if set forth fully herein.

48. Gooch intentionally caused John Doe to reasonably apprehend immediate harmful contact and engaged in unauthorized, harmful physical contact.

49. Her actions constituted both assault and battery under Georgia law.

50. As a result, John Doe sustained physical and emotional injuries.

## COUNT V – Intentional Infliction of Emotional Distress
### (Against Jennifer Gooch and Chrissy Joiner)

51. Plaintiff incorporates the factual allegations of paragraphs 9 through 27 above as if set forth fully herein.

52. Defendants engaged in conduct that was intentional or reckless.

53. Gooch's abusive conduct and Joiner's deliberate indifference were extreme and outrageous.

54. Such conduct was the proximate cause of John Doe's severe emotional distress.

## COUNT VI – Negligence and Negligent Supervision
### (Against Jefferson City School District)

55. Plaintiff incorporates the factual allegations of paragraphs 9 through 27 above as if set forth fully herein.

56. The District owed a duty to supervise its employees and protect students from foreseeable harm.

57. The District breached this duty by failing to prevent or respond to the abuse.

58. The District also negligently retained and supervised Gooch, despite signs of misconduct.

59. These failures caused John Doe's physical and psychological injuries.

**COUNT VII – Violation of Equal Protection (42 U.S.C. § 1983)**

(Against Principal Chrissy Joiner and Jefferson City School District)

60. Plaintiff incorporates the factual allegations of paragraphs 9 through 27 above as if set forth fully herein.

61. Under the Equal Protection Clause of the Fourteenth Amendment, John Doe had a right to be treated equally to his similarly situated peers.

62. Defendants discriminated against John Doe on the basis of his disability and social neurodivergent status by treating his abuse as less credible and refusing to investigate or accommodate him in a manner consistent with how verbal or nondisabled students would be treated.

63. The discriminatory motive is evidenced by statements from Principal Joiner suggesting that children are misleading and that abuse would have been reported sooner by a "normal" child.

64. These statements, alongside the school's refusal to question witnesses or preserve evidence, show intentional disparate treatment.

65. In addition, the School District had an unofficial custom of deliberate indifference and failure to respond to abusive conduct by teachers; failed to implement or enforce policies regarding training, supervising, or disciplining employees in the reporting of child abuse and to prevent the violation of constitutional rights of students; and cultivated an atmosphere of

intimidation to prevent reports of child abuse or encourage instructing employees not to report constitutional violations, especially when it concerned neurodivergent children like John Doe.

66. As a result, John Doe was denied equal protection of the law and suffered injuries to his physical, emotional, and educational well-being.

## COUNT VIII – Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(3))
### (Against Principal Chrissy Joiner and Jefferson City School District)

67. Plaintiff incorporates the factual allegations of paragraphs 9 through 27 above as if set forth fully herein.

68. Defendants entered into a conspiracy, motivated by class-based animus against disabled, neurodivergent children, to deprive John Doe of equal protection and due process of law.

69. As described above, multiple administrators and staff members acted in concert to protect Jennifer Gooch from investigation and to silence reports of abuse.

70. They deliberately failed to report the incident to child welfare authorities, refused to question witnesses, and intentionally delayed investigation until law enforcement became involved.

71. This coordinated concealment deprived John Doe of protections available to other students and allowed his abuser to remain in the classroom.

72. Defendants violated John Doe's rights under color of state law, there was an understanding among the Defendants to violate those rights, and John Doe sustained a resultant actionable harm.

73. The conspiracy caused John Doe physical harm, trauma, and a complete loss of educational access.

74. Plaintiff seeks full remedies permitted under 42 U.S.C. § 1985, including compensatory damages and injunctive relief.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in an amount to be proven at trial;

B. Award punitive damages against Defendants Gooch and Joiner;

C. Award attorneys' fees and costs;

D. Grant injunctive relief requiring the School District to implement proper training, investigation protocols, reporting protocols, accountability protocols and accommodations; and

E. Grant such other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

This 11th day of June, 2025.

Respectfully submitted,

KENDALL LEGAL, LLC

/s/ Michael C. Kendall
Michael C. Kendall
Georgia Bar No. 414030

3152 Golf Ridge Blvd., Suite 201
Douglasville, Georgia 30135
Telephone:   (770) 577-3559
Facsimile:    (770) 577-8113
mike@kendall-legal.com

CONOSCIENTI & LEDBETTER

/s/ J. Blake Ledbetter
J. Blake Ledbetter
Georgia Bar No. 514151
*Attorneys for Plaintiff*

315 W. Ponce DeLeon Avenue
Suite 400
Decatur, Georgia 30030
Telephone:   (404) 373-5800
blake@CL-firm.com